McMULLEN, Appellant, v. ROGERS, Respondent.

(233 N. W. 919.)

(File No. 7117. Opinion filed December 30, 1930.)

B. O. *Stordahl,* of Sioux Falls, for Appellant.

Robert D. *Walker,* of Armour, for Respondent.

BURCH, J. Plaintiff was at all times material to this action a resident of Iowa. Defendant was at all times material a resident of Armour, S. D., and was engaged in the business of buying and

selling hogs. On December 26, 1928, plaintiff purchased of defendant hogs to be delivered by defendant at plaintiff's farm in Iowa near Larchwood. Defendant delivered the hogh by truck, one hog died in transit, and was not delivered or accepted by the purchaser. The remaining ninety-five in number were infected with cholera, some being sick with the disease at the time of delivery. As a result sixty-four died. This action is brought to recover the value of the sixty-four head that died. The jury found by special verdict that the hogs died of cholera, and it was admitted that they were of the value of $800. These facts being conclusive, it is appellant's contention that there is nothing for the jury to decide, and that nothing but a question of law remains. Both sides moved for a directed verdict, and the court directed a verdict for defendant, thereby finding in favor of defendant on all the facts. Unless the judgment is reversed, it will not be necessary to decide whether there are other facts for the jury.

The action was not tried on the theory that there was a breach of contract or a breach of warranty express or implied. The action proceeded in the circuit court as an action in tort for negligence. A valid regulation of the department of agriculture of the state of Iowa, properly pleaded and proven, provides: "All swine imported into the state of Iowa, except for immediate slaughter must be accompanied by a certificate of health, certifying that they have been immunized with a protective dose of antihog cholera serum not more than fifteen days prior to date of importation when the serum alone is used and not less than thirty days prior to date of importation when the simultaneous method is used." No attempt was made to comply with this regulation. Appellant contends that the delivery of the hogs in Iowa by defendant in violation of such regulation was negligence per se for which defendant must respond in damages. On this theory this appeal must be decided.

Appellant says there are but two questions involved: first, was the importation of hogs by the defendant in contravention of the lawful regulations of the state of Iowa actionable negligence; second, is an action to recover for such negligence maintainable in the courts of South Dakota?

Conceding for the purpose of argument that the importation of hogs into the state of Iowa in violation of a health regulation is actionable negligence where injury results as the direct

and proximate cause without contributory negligence on the part of the injured party, how can it be applied to the facts of this case? It is as negligent to receive and pay for hogs so imported as it is to deliver them. The negligence of plaintiff was as much the proximate cause of the injury as was the negligence of defendant. The importation was the result of the joint act of the parties. Both were importers, appellant by buying and causing them to be brought into the state, and respondent by selling and transporting them. The health regulation violated resulted from the power conferred by the Legislature of Iowa upon the department of agriculture of that state to "Regulate or prohibit the bringing of animals into the state, which, in its opinion, for any reason, may be detrimental to the health of animals in the state." Subdivision 8, § 2643, Code of Iowa 1927. No one is seeking damage for injury to animals in the state caused by diseased imported animals. The damage sought is the value of the imported hogs that died. The rights of the parties as to those hogs are fixed by their contract express or implied.

The cases cited by appellant to support his proposition that violation of such a statute or regulation is negligence per se are not helpful, for the reason that under the facts no recovery can be had on the ground of negligence, both parties being equally negligent. Had these hogs unlawfully imported infected the herd of an innocent third person, a different situation would exist, and the rights of the third person might be affected by the statute. Perhaps he might, on the theory that the violation of the statute was negligence per se, hold all parties involved in the unlwful importation guilty of negligence by mere proof of the unlawful act.

We do not think an extended discussion would serve any useful purpose, nor will we take the space to review the cases cited by appellant on this question. They all show a radically different state of facts. We are satisfied the facts will not support a recovery in this action in tort for negligence, and that is all that is now before us.

The judgment and order appealed from are affirmed.

BROWN, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.